# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| PAUL ALVIN SYKES, | ) |
|     **Plaintiff,** | ) |
| v. | )     CAUSE NO. 1:14-cv-175 |
| DELMAR CHUPP, | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a letter from *pro se* Plaintiff Paul Sykes, asking again that the Court recruit an attorney to represent him in this 42 U.S.C. § 1983 case.[1] (Docket # 27.) Because Sykes is competent to litigate this case himself, the motion will be DENIED.[2]

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent

---

[1] Sykes's first request for counsel (Docket # 5) was denied by the District Judge on June 17, 2014 (Docket # 6).

[2] Sykes's letter was not docketed as a motion on September 15, 2014 (Docket # 27), but since he is proceeding *pro se*, the Court is liberally construing it as such.

to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

**ANALYSIS**

To begin, because Sykes's initial request for counsel was denied (Docket # 6), the Court has no obligation to revisit the issue. *See Pruitt*, 503 F.3d at 656 (explaining that although the court has the discretion to reconsider a request for counsel, it has no obligation to do so). Nevertheless, to complete the record, the Court will address, once again, Sykes's request.

As a threshold matter, Sykes has contacted only one law firm (and the Allen County Bar Association) concerning his case. (Docket # 11.) Thus, it is questionable whether this minimal effort satisfies the requirement that he reasonably attempt to secure counsel on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made

2

no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if he had satisfied this threshold requirement, it is evident that Sykes is competent to represent himself in this matter. This suit is a relatively straightforward § 1983 action: Sykes claims that Defendant was deliberately indifferent to his safety while he was incarcerated at the LaGrange County Jail, in violation of the Eighth Amendment. (Docket # 1.) The majority of the facts of this case are likely within Sykes's particular knowledge; thus the task of any discovery, if necessary, is apt to be quite limited and certainly not insurmountable. Accordingly, the first factor–the difficulty of his claims–cuts against Sykes's request for counsel. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, Sykes has already comprehensively articulated his claims in this suit (Docket # 1, 8); responded to discovery (Docket # 21, 22); filed a jury trial demand (Docket # 24); and sought relief through various letter motions (Docket # 2, 5, 11, 12, 27). Consequently, although Sykes represents that he did not graduate from high school, it is clear that he is literate and has adequate communication skills, at least for purposes of representing himself. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel by "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the

3

record reflected plaintiff's low IQ, functional illiteracy, and poor education). Indeed, Sykes's submissions to the district court are better than the average *pro se* litigant's. *See Olson*, 750 F.3d at 712.

Finally, at this juncture, the case presents a narrow question: whether Sykes's claims are barred for failure to exhaust his available administrative remedies–that is, whether he complied with the grievance procedure at the LaGrange County Jail. (*See* Def.'s Mem. of Law in Supp. of Mot. for Summ. J. 2 (Docket # 32).) Sykes is certainly capable of responding to Defendant's motion for summary judgment on this limited issue.

Considering the foregoing, Sykes appears competent to adequately handle the litigation of this § 1983 deliberate indifference case. Consequently, his motion asking that the Court request counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's request for court-recruited counsel (Docket # 27) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 24th day of November 2014.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge